FILED

11 JUN 24 AM 11:09

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS ALPINIERI,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PAUL ROY, individually and as Trustee of the Vantage Associates Inc., Employee Stock Ownership Plan<br><br>　　　　　Defendants. | CASE NO. 10 CV-00939 WMC<br><br>**ORDER RE: SETTLEMENT DISPUTE**<br><br>Complaint Filed: 4/30/2010 |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to the binding stipulation of the parties and their counsel dated February 8, 2011 entitled: Consent to Proceed Before magistrate Judge McCurine and for Jurisdiction over Settlement, several matters were the subject of briefs and related submissions to this court including oral argument on June 15, 2011, at which time Shirin Kiaei appeared as counsel for Plaintiff Louis Alpinieri, Steve Alpinieri, and minor children (sometimes collectively referred to as "Plaintiffs" or " Parties in Interest"), and Ronald K. Alberts appeared on behalf of Defendant Paul Roy, and other parties to the settlement agreements, Andrea Alpinieri Glover and Maria Fe D Vitug (sometimes collectively referred to as

-1-

Case No. 10 CV-00939 WMC

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

"Defendants.") Having considered all papers submitted and the argument of counsel and pursuant to the grant of authority vested in me by virtue of the Consent referenced above,

IT IS HEREBY ORDERED THAT:

The interpretation of Paul Roy and Andrea Glover is accepted by the court: to wit, It was the intention of the parties that Vantage Associates Inc. ("Vantage") make payments to Louis Alpinieri and Steven Alpinieri of 45% of the K-1 earnings attributable to their stock ownership for 2010 in order to create tax neutrality.

Following the submission of information provided by Plaintiffs' counsel, Vantage discovered that the earnings were understated because Vantage erroneously made distributions to all of the shareholders based on the book income rather than the taxable income. Attached hereto as Exhibit "A" is a chart showing the corrections accounting for the difference now due to Plaintiffs. As such, Vantage will make additional payments to all shareholders as set forth in the corrected chart, including the Plaintiffs. Vantage will pay to Louis Alpinieri an additional $2,094.57, to Steven Alpinieri an additional $4,681.06, and to each of the minor children, Enzo and Alejandro Alpinieri, $55.54 each. Vantage shall pay the additional payments by July 1, 2011. Thereafter, no additional amounts are owed by Vantage under paragraph 5(f) of the Stock Redemption Agreement.

Interest for the first payment on the Promissory Note made on June 1, 2011 shall be recalculated at 4.75% based upon a 360 day year. As such, Vantage shall pay Lou Alpinieri the difference between interest paid, and interest due which is $2,731.60, no later than July 1, 2011. Future interest calculations will follow the agreement and if the interest rate is not calculated prior to the 15 day period recited in the Promissory Note, the defaulting rate shall be no less than 4.75%. A 360 day year will apply for the duration of the note for interest calculation.

Steven Alpinieri is ordered to immediately turn over the share of stock

he failed to deliver in accordance with the settlement agreements.

Steven Alpinieri's writing of "To the best of my knowledge" written on the Security Agreement and Pledge of Shares is stricken.

The court has denied without prejudice Defendants' request to order Steve and Lou Alpinieri to sign Exhibit "B" to Defendants' June 8, 2011 letter. Vantage may bring this issue to the Court's attention in the future, if necessary.

Defendants must draft and provide a form for instruction regarding the payment of sums due under the governing settlement agreements for Steve and Lou Alpinieri's review and signature.

IT IS SO ORDERED:

Dated: June 24, 2011

William McCurine, Jr.
Magistrate Judge
United States District Court